**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4364

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

YAHYA WARITH, a/k/a Johnnie Wallace,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Henry E. Hudson, District Judge. (CR-03-271)

Submitted: March 18, 2005                    Decided: April 28, 2005

Before WILKINSON, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Henry L. Marsh, III, Frederick H. Marsh, HILL, TUCKER & MARSH, Richmond, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Michael J. Elston, G. Wingate Grant, Assistant United States Attorneys, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Yahya Warith appeals his conviction on fifteen counts of fraud by wire affecting a financial institution in violation of 18 U.S.C.A. § 1343 (West Supp. 2004). On appeal, he challenges the fact that he was convicted based on circumstantial evidence. He also argues that the evidence was insufficient to support a guilty verdict and therefore the district court erred in denying his motion for judgment of acquittal. Finding no error, we affirm Warith's convictions.

Warith first contends that the government failed to meet its burden of proof because the only evidence supporting his conviction was circumstantial evidence. This court has previously held that circumstantial evidence may be sufficient to support a conviction even if it does not exclude every reasonable hypothesis consistent with innocence. United States v. Jackson, 863 F.2d 1168, 1173 (4th Cir. 1989) (citing United States v. George, 568 F.2d 1064, 1069 (4th Cir. 1978)). Accordingly, we find no merit to Warith's challenge to the use of circumstantial evidence to support his convictions.

Warith next contends that the evidence was insufficient to support a guilty verdict and therefore the district court erred in denying his motion for judgment of acquittal. Warith does not contest that unauthorized transactions were made transferring funds from the bank accounts of various companies to the bank account of

Consumer Diversified Services, Inc. ("CDS"), a company owned and operated by Warith and his wife. But he argues that there was insufficient evidence that he was involved in the transactions.

The government presented evidence that, during May and June 1998, unauthorized bank transactions were being initiated by someone using Automated Clearing House ("ACH") software issued to CDS, transferring money from the bank accounts of various companies into the First Union Bank account of CDS. Prior to May 1998, the highest average daily balance in the CDS bank account was $7235.96 in April 1998. The average daily balance skyrocketed to $43,621.85 in May 1998 and jumped further to $57,363.46 in June 1998. Neither Warith nor his wife ever contacted First Union to question these increases in deposits into the CDS account; rather, during these two months, Warith and his wife withdrew sizable amounts from this account. Tens of thousands of dollars were paid to Warith — either directly by a check made payable to him, or through a number of transactions that transferred the funds into several different bank accounts on which he had signatory authority.

Additionally, the government produced documents recovered during the execution of search warrants at CDS's business office and at the Warith residence. These documents included the ACH software manual that was issued to CDS in 1998, and copies of checks drawn on the very accounts from which unauthorized payments were being made and made payable to Cable & Wireless, a company

- 3 -

unrelated to CDS. The searches also recovered a notice of the reversal of one of the unauthorized transactions and forms purporting to authorize the debit of various bank accounts in favor of CDS.

We find that, viewing all the evidence in the light most favorable to the government, this evidence was sufficient to support the jury's verdict that Warith was guilty of the fifteen charges of wire fraud. See Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Wills, 346 F.3d 476, 495 (4th Cir. 2003), cert. denied, 124 S. Ct. 2906 (2004). Thus, the district court properly denied Warith's motion for judgment of acquittal. See United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997).

Accordingly, we affirm Warith's fifteen convictions for wire fraud. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED